Montalvo-Marin v. Garland

BIA
Segal, IJ
A206 733 719

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10th day of May, two thousand twenty-three.

PRESENT:
JOSEPH F. BIANCO,
STEVEN J. MENASHI,
BETH ROBINSON,
    *Circuit Judges.*

_____

YINMI ROLANDO MONTALVO-MARIN,
    *Petitioner*,

v.                                              20-2463
                                                NAC

MERRICK B. GARLAND, UNITED
STATES ATTORNEY GENERAL,
    *Respondent*.

_____

FOR PETITIONER:          Usman B. Ahmad, Long
                         Island City, NY.

FOR RESPONDENT:          Brian M. Boynton, Acting
                         Assistant Attorney General; Kohsei
                         Ugumori, Senior Litigation

Counsel; David Kim, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Yinmi Rolando Montalvo-Marin, a native and citizen of El Salvador, seeks review of a July 6, 2020, decision of the BIA affirming a July 2, 2018, decision of an Immigration Judge ("IJ") denying asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Yinmi Rolando Montalvo-Marin*, No. A206 733 719 (B.I.A. July 6, 2020), *aff'g* No. A206 733 719 (Immig. Ct. N.Y. City July 2, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed both the IJ's and the BIA's opinions. *See Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). The applicable standards of review are well established. "[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C.

2

§ 1252(b)(4)(B). Thus, "we review the agency's decision for substantial evidence and must defer to the factfinder's findings based on such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. . . . By contrast, we review legal conclusions de novo." *Singh v. Garland*, 11 F.4th 106, 113 (2d Cir. 2021) (internal quotation marks omitted).

Substantial evidence supports the agency's determination that Montalvo-Marin failed to establish a nexus between the harm he suffered and fears in El Salvador and an imputed anti-gang political opinion, or that Salvadoran officials would likely acquiesce in his torture by gang members.

**A. Asylum and Withholding of Removal**

To establish eligibility for asylum and withholding of removal, an applicant "must establish that race, religion, nationality, membership in a particular social group, or political opinion was or will be at least one central reason for persecuting the applicant." 8 U.S.C. § 1158(b)(1)(B)(i); *see also id.* § 1231(b)(3)(A); *Quituizaca v. Garland*, 52 F.4th 103, 105-06 (2d Cir. 2022). To demonstrate that persecution (past or prospective) bears a nexus to an applicant's political opinion, "[t]he applicant

3

must . . . show, through direct or circumstantial evidence, that the persecutor's motive to persecute arises from the applicant's political beliefs," rather than merely from the persecutor's own opinion. *Yueqing Zhang v. Gonzales*, 426 F.3d 540, 545 (2d Cir. 2005). A political opinion "must involve some support for or disagreement with the belief system, policies, or practices of a government and its instrumentalities, an entity that seeks to directly influence laws, regulations, or policy, an organization that aims to overthrow the government, or a group that plays some other similar role in society." *Zelaya-Moreno v. Wilkinson*, 989 F.3d 190, 199–200 (2d Cir. 2021) (citations omitted). "The persecution may also be on account of an opinion *imputed* to the applicant by the persecutor, regardless of whether or not this imputation is accurate." *Hernandez-Chacon v. Barr*, 948 F.3d 94, 102 (2d Cir. 2020).

The agency reasonably concluded that Montalvo-Marin failed to establish that the harm he suffered and fears was on account of his political opinion, real or imputed. He testified that gang members demanded money from him and that he was attacked to "settle . . . debts" after he resisted those efforts. He did not testify that he had expressed a

4

disagreement with the gang's belief system, policies, or practices or that the gang members accused him of such opinion.

Accordingly, the agency did not err in finding that, as Montalvo-Marin testified, the gang targeted him solely based on its members' interests in accumulating wealth, which is not a protected ground. *See* 8 U.S.C. §§ 1158(b)(1)(B)(i), 1231(b)(3)(A); *see also Zelaya-Moreno*, 989 F.3d at 196–200; *Yueqing Zhang*, 426 F.3d at 545 (requiring applicant to show nexus to political opinion "through direct or circumstantial evidence"); *Melgar de Torres v. Reno*, 191 F.3d 307, 313–14 (2d Cir. 1999) (noting that "random violence" and "general crime conditions" are not grounds for asylum). His failure to establish a nexus between the harm he suffered and fears and a protected ground was dispositive of asylum and withholding of removal. *See* 8 U.S.C. §§ 1101(a)(42), 1158(b)(1)(A), (B)(i), 1231(b)(3)(A).

## B. CAT Relief

Unlike asylum and withholding of removal, CAT does not require a nexus to a protected ground. *See* 8 C.F.R. §§ 1208.16(c), 1208.17(a). An applicant for CAT relief must show that he would "more likely than not" be tortured by or

5

with the acquiescence of government officials.  8 C.F.R. §§ 1208.16(c), 1208.18(a)(1).  "[T]orture requires only that government officials know of or remain willfully blind to an act and thereafter breach their legal responsibility to prevent it."  *Khouzam v. Ashcroft*, 361 F.3d 161, 172 (2d Cir. 2004); *Quintanilla-Mejia v. Garland*, 3 F.4th 569, 592 (2d Cir. 2021).  Under the "more likely than not" standard, an applicant "must establish that there is greater than a fifty percent chance" of occurrence.  *Mu-Xing Wang v. Ashcroft*, 320 F.3d 130, 144 n.20 (2d Cir. 2003).

The IJ acknowledged that El Salvador is plagued by rampant gang activity and that some officials collude with gang members, but the IJ nevertheless reasonably concluded that Montalvo-Marin had not established that acquiescence was likely given evidence that officials were attempting to crack down on gang activity, had imprisoned gang members from his neighborhood, and had responded to his aunt's call for assistance and disrupted the attack he suffered.  "[W]here, as here, . . . evidence, specifically, State Department Country Reports, supports the agency's finding that the Salvadoran government is aggressively trying to combat gang violence, even through armed confrontations, we cannot

6

conclude that the agency was compelled to find it likely that, if [Montalvo-Marin] were removed to El Salvador, that country's officials would acquiesce in his torture by gang members." *Quintanilla-Mejia*, 3 F.4th at 593.

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court
